UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Fairholme International Limited
a/k/a The Fairholme Group,

        Plaintiff,      Case No.:

 - against -

Deutsche Bank Securities, Inc.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT AND JURY DEMAND

Plaintiff, by its attorneys, The Law Offices of Martin Eisenberg, allege as follows:

## NATURE OF ACTION

This is an action commenced by the plaintiff to recover damages sustained as a result of the defendant's breach of its legal obligation to remit executive search firm placement fees to the plaintiff.

## PARTIES

1. Plaintiff Fairholme International Limited a/k/a The Fairholme Group ("Plaintiff") is a corporation organized pursuant to the laws of the United Kingdom with its principal place of business located at 12 Gough Square London, EC4A 3DW United Kingdom.

2. Defendant Deutsche Bank Securities, Inc. is a corporation organized pursuant to the laws of the state of Delaware with its principal place of business located at 60 Wall Street New York, New York 10005.

## JURISDICTION AND VENUE

3. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the plaintiff is a citizen of a foreign state and defendant is a citizen of a state of the United States and the value of the matter in controversy exceeds $75,000.

4. The exercise of personal jurisdiction in New York by this Court over the defendant and venue in this district is proper because the Defendant's principal place of business is located in the state of New York in this judicial district.

## GENERAL ALLEGATIONS

### Hiring of David Fournie

5. Plaintiff is an executive search firm which, since 2004, has been continuously engaged by Defendant, on a year to year contract basis, to provide executive search firm services to the Defendant for a placement fee.

6. Since 2004, the Plaintiff has placed with and received placement fees from the Defendants for the placement of approximately forty (40) employees.

7. In 2013, candidate David Fournie ("Fournie") was presented by the Plaintiff to the Defendant as a candidate for the position of Head of Exotics Trading.

8. In 2013, Fournie was interviewed by Brad Kurtzman ("Kurtzman"), co-head of Equities at the Defendant; however, Stephen Fairholme, principal of the Plaintiff, was advised by Kurtzman that although Fournie had made a favorable impression, the timing for his hire by the Defendant was not yet right.

9. Plaintiff continued to present and exchange communications with the Defendant regarding Fournie's employment with the Defendant from 2013 through 2017.

10. On September 29, 2015, Plaintiff and Defendant entered into their yearly written search firm agreement (the "Search Firm Agreement;" Exhibit "A") pursuant to which, *inter alia*, the Defendant agreed to remit a search firm placement fee to the Plaintiff in an amount equal to 25% of any new hire's first year's total compensation plus guaranteed bonus with Plaintiff's placement fee- capped at $250,000 (see Para. "A" of the Search Firm Agreement; Placement Fee").

11. Paragraph 9 of the Search Firm Agreement states that the Search Firm Agreement would continue for twelve (12) months from the date of the Search Firm Agreement (September 29, 2015 through September 29, 2016).

12. Paragraph A.4 b. of the Search Firm Agreement states that the Plaintiff is entitled to a placement fee if an employment candidate presented by Plaintiff commences employment with the Defendant within 180 days of Plaintiff's presentation.

13. In September of 2016, Defendant agreed, under the terms of the Search Firm Agreement, to engage Plaintiff to provide executive search firm services for another year (September 2016 – September 2017); however, Defendant informed Plaintiff that there would be a delay in memorializing the agreement in a formal writing because Defendant was transitioning the hiring of its executives to Resource Solutions, Inc. ("Resource Solutions").

14. Communications and emails between Resource Solutions and Plaintiff demonstrate that Plaintiff was at all times ready, willing and able to execute a formal writing memorializing Defendant's agreement to engage Plaintiff for placement services for another year (September 2016- September 2017) and that any delay in finalizing the agreement in a formal writing was attributable to Defendant and Resource Solutions.

15. From September 2016 through 2017, Plaintiff continued to present employment candidates to the Defendant, including Fournie.

16. In January of 2017, Plaintiff presented employment candidate William Treen ("Treen") to the Defendant for the position of Managing Director of Deutsche Bank Global Markets – Equity Sales.

17. In or about June 2017, Treen was hired by the Defendant for the position of Managing Director of Deutsche Bank Global Markets – Equity Sales and Defendant remitted a placement fee to the Plaintiff in the sum of $200,000 calculated under the same formula as the Placement Fee.

18. In April of 2017, Plaintiff learned that the Defendant had hired Fournie as Head of Exotics Trading at a guaranteed minimum compensation package of 1,000,000- the candidate that Plaintiff had continuously introduced and presented to the Defendant for the Head of Exotics Trading from 2013 to 2017.

19. Defendant neither apprised nor notified Plaintiff that Defendant hired Fournie as Head of Exotics Trading.

20. When Plaintiff learned that Fournie had been hired by the Defendant, Plaintiff requested payment of a Placement Fee for Fournie's hire in the sum of $250,000 (25% of Fournie's yearly $1,000,000 salary).

21. Defendant has refused and continues to refuse to remit the $250,000 Placement Fee to the Plaintiff.

**Hiring of Mathieu Catoire**

22. Paragraph A.2 of the Search Firm Agreement, the terms of which Defendant agree to extend for another year, entitles Plaintiff to a placement fee in the amount of 15% of the

starting base salary and guaranteed incentive compensation of (capped at $150,000) for the introduction by Plaintiff of more than one candidate as part of a team hire from the same organization (i.e., the hiring by Defendant of more than one member of a team from another company). (the "Team Member Placement Fee")

23. Fournie was a member of a team at Morgan Stanley (the "Morgan Stanley Team") and resigned from his position at Morgan Stanley to take the position of Head of Exotics Trading at the Defendant.

24. Mathieu Catoire ("Catoire") was a member of the Morgan Stanley Team.

25. In addition to hiring Fournie as Head of Exotics Trading, in or about November 2017 the Defendant hired Morgan Stanley Team member Catoire as Director of Equity Exotics Trading for, upon information and belief, a total first year guaranteed compensation package of at least $600,000.

26. Despite due demand by the Plaintiff, Defendant has refused and continues to refuse to remit the Team Member Placement Fee to Plaintiff in the amount to be determined at trial but believed to be at least $90,000.

## FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT

27. In September of 2016, Defendant agreed to engage the Plaintiff to provide executive search firm services from September 2016 to September 2017 under the terms of the Search Firm Agreement.

28. Fournie was presented by the Plaintiff to the Defendant throughout 2013-2017 and was hired by the Defendant in the 2nd Quarter of 2017.

29. As a result of Fournie's hire by the Defendant, the Plaintiff is entitled to a Placement Fee in the sum of $250,000.

30. Despite due demand, the Defendant has refused to remit the Placement Fee due to the Plaintiff.

31. By virtue of the foregoing, the Defendant has breached its agreement with the Plaintiff entitling Plaintiff to damages in the amount of $250,000.

### SECOND CLAIM FOR RELIEF:  BREACH OF CONTRACT

32. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "30" herein.

33. Pursuant to Paragraph A.4. b of the Search Firm Agreement, Plaintiff is entitled to a Placement Fee if the employment candidate presented by Plaintiff commences employment with Defendant within 180 days of Plaintiff's presentation of the candidate to the Defendant.

34. Fournie was hired by the Defendant within 180 days of Plaintiff's presentation of Fournie to the Defendant and therefore Plaintiff is entitled to the Placement Fee.

35. Despite due demand, Defendant has refused and continues to refuse to remit the Placement Fee to the Plaintiff.

36. By virtue of the foregoing, the Defendant has breached the Search Firm Agreement entitling Plaintiff to damages in the sum of $250,000.

### THIRD CLAIM FOR RELIEF:  PROMISSORY ESTOPPEL
### (In The Alternative)

37. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1' through "36" herein.

38. In September of 2016, the Defendant promised Plaintiff that Plaintiff was engaged to perform executive search firm services for the Defendant for the period September 2017 through September 2017 and that a formal writing memorializing the agreement would be delayed by the Defendant because the Defendant was transitioning the hiring of executives to Resource Solutions.

39. In reliance upon the Defendant's promises that Plaintiff was engaged to perform executive search services for another year and that a formal writing memorializing the agreement t would delayed, the Plaintiff continued to perform executive search services for the Defendant.

40. Plaintiff was injured as a result of the reliance upon the Defendant's promises by continuing to perform executive search firm services for the Defendant and not receiving its Placement Fee in the sum of $250,000 for the placement of Fournie with the Defendant.

41. By virtue of the foregoing, Plaintiff has been damaged in the sum of $250,000.

## FOURTH CLAIM FOR RELIEF:  QUANTUM MERUIT
### (In The Alternative)

42. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "41" herein.

43. Defendant requested that Plaintiff continue to perform executive search firm services for the period September 2016 through September 2017.

44. Defendant accepted Plaintiff's executive search firm services and hired Fournie, a candidate introduced to Defendant by the Plaintiff.

45. The reasonable value of the executive search firm services rendered by Plaintiff to the Defendant is $250,000.

46. By virtue of the foregoing, Plaintiff has been damaged in the sum of $250,000.

### FIFTH CLAIM FOR RELIEF: UNJUST ENRICHMENT
### (In The Alternative)

47. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "46" herein.

48. The Defendant was enriched by obtaining the employment of Fournie.

49. Defendant's enrichment was done at the expense of Plaintiff who, at the request of the Defendant, performed executive search firm services for the Defendant and introduced candidate Fournie to the Defendant.

50. It would be against equity and good conscience to permit the Defendant to obtain the benefit of Fournie's employment without compensating the Plaintiff.

51. By virtue of the foregoing, Plaintiff has been damaged in the sum of $250,000.

### SIXTH CLAIM FOR RELIEF: BREACH OF CONTRACT
### (HIRING OF CATOIRE)

52. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "51" herein.

53. Under the Search Firm Agreement, the terms of which the Defendant agreed to renew and extend from September 2016 to September 2017, Plaintiff is entitled to a Team Member Placement Fee for the introduction of more than one candidate as part of a team hire from the same organization.

54. Defendant hired Catoire, a member of Fournie's Morgan Stanley Team, without any notification or payment of a placement fee to Plaintiff.

55. Defendant's direct hire of Catoire without any notification and payment of a Team Member Placement Fee to Plaintiff constituted a wrongful circumvention and breach of

the Defendant's agreement with the Plaintiff to pay Plaintiff a Team Member Placement Fee for the hire of a of a employment candidate as part of a team hire from the same organization.

56. Upon information and belief, Catoire was hired by Defendant at a starting base salary and guaranteed incentive compensation of at least $600,000 entitling Plaintiff to a Team Member Placement Fee in the amount of at least $90,000 (15% of the starting base salary and guaranteed compensation capped at $150,000).

57. By virtue of the foregoing, the Plaintiff has been damaged in the sum of at least $90,000

WHEREFORE, plaintiff demands judgment as follows:

(a) On the First Claim for Relief, judgment in favor of the Plaintiff against Defendant in the sum of $250,000 with interest;

(b) On the Second Claim for Relief, judgment in favor of the Plaintiff against the Defendant in the sum of $250,000 with interest;

(c) On the Third Claim for Relief, judgment in favor of the Plaintiff against the Defendant in the sum of $250,000 with interest;

(d) On the Fourth Claim for Relief, judgment in favor of the Plaintiff against the Defendant in the sum of $250,000 with interest;

(e) On the Fifth Claim for Relief, judgment in favor of the Plaintiff against the Defendant in the sum of $250,000 with interest;

    (f)    On the Sixth Claim for Relief, judgment in favor of the Plaintiff against the Defendant in the sum of at least $90,000 with interest;

    (g)    On all Claims for Relief, interest, costs, fees disbursements and attorneys' fees; and

    (h)    On all Claims for Relief, such other and further relief as this Court deems just and proper.

Dated: New York, New York
       March 28, 2019

                        LAW OFFICES OF MARTIN EISENBERG

                        /s/_____
                        Martin Eisenberg
                        50 Main Street Suite 1000
                        White Plains, New York 10606
                        (914) 682-2044 (Office)
                        (914) 682-7784 (Fax)
                        me@martineisenberglaw.com

                        Attorneys for Plaintiff